UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANA GRULLON, on behalf of herself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

GORDON MAINTENANCE SERVICES, INC., and MOUNT SINAI HEALTH SYSTEM, INC., and CROTHALL HEALTHCARE INC.,

Defendants.

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

JUANA GRULLON ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against GORDON MAINTENANCE SERVICES, INC. ("Gordon"), and MOUNT SINAI HEALTH SYSTEM, INC. ("Mount Sinai"), and CROTHALL HEALTHCARE INC. ("Crothall"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit.

12, § 142-2.2; (iii) the NYLL's requirement that employers pay all earned wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (iv) the NYLL's prohibition against making unlawful deductions from an employee's wages, NYLL § 193; (v) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (vii) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (viii) an anti-retaliation provision of the NYLL, NYLL § 215(1); and (ix) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York corporation, a New York not-for-profit corporation, and a Delaware corporation, respectively, which together jointly employed Plaintiff as explained below - - as a cleaner at The Mount Sinai Hospital, located at 1468 Madison Avenue in Manhattan ("the Hospital"), from February 29, 2024, until May 2, 2025. As described below, throughout her employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to her under the FLSA and the NYLL or all regular wages due to her under the NYLL. Specifically, Defendants scheduled Plaintiff to work thirty-seven and one-half hours per week, and also routinely required Plaintiff to work extra shifts in addition to her regularly-scheduled hours. In exchange, Defendants paid Plaintiff on an hourly basis for only her hours worked during her regularly scheduled shifts, and thus did not pay Plaintiff at any rate, let alone at the statutorily-required rate of one-and-one-half times her regular rate for the hours that Plaintiff worked in a week in excess of forty, or at her regular rate for all hours worked up to forty in a week.

3. Additionally, Defendants automatically deducted one half-hour each shift from Plaintiff's scheduled hours for a meal break, despite not permitting Plaintiff to take an uninterrupted meal break during most of her shifts.

4. Defendants further violated the NYLL by failing to provide Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at the time of her hire.

5. Making matters worse, after Plaintiff and several of her colleagues complained to Defendants about their failure to pay them all of their earned wages, including overtime at the rate of one-and-one-half times their regular rates of pay for their overtime hours, Defendants retaliated by terminating Plaintiff and her colleagues' employment, in violation of the anti-retaliation provisions of the FLSA and the NYLL.

6. Defendants paid and treated all of their non-managerial cleaners at the Hospital in the same manner.

7. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings her claims under the NYLL and the NYCRR on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

8. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

**JURISDICTION AND VENUE**

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Plaintiff performed her work for Defendants in this District.

**PARTIES**

11. At all relevant times, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12. At all relevant times, Defendant Gordon was and is a New York corporation that provides facility management, maintenance, and support services and staff for commercial properties throughout New York City and Long Island. Gordon's principal place of business is located at 33B Tec Street, Hicksville, New York 11801, and it is registered with the New York State Department of State to receive service of process at that same address.

13. At all relevant times, Defendant Mount Sinai was and is a New York not-for-profit corporation that owns and operates hospitals throughout New York City, including the Hospital. Mount Sinai's principal place of business is 1 Gustave L. Levy Place, New York, New York 10029, and it is registered with the New York State Department of State to receive service of process at that same address.

14. At all relevant times, Defendant Crothall was and is a Delaware corporation that provides healthcare support services nation-wide. Crothall's principal place of business is located in Wayne, Pennsylvania, and it is registered with the New York State Department of

State as a Foreign Business Corporation to receive service of process c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

15. At all relevant times, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, each Defendant's qualifying annual business has exceeded and exceeds $500,000.00, and Defendants each were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees, each operate a business that purchases, sells, and/or uses numerous products that have moved across state lines, such as medical equipment, and has accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines. Additionally, Crothall conducts business across state lines, as evidenced by it being a Delaware corporation that does business in, at least, New York. The combination of these factors subjects each Defendant to the FLSA's overtime and anti-retaliation requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, as well as all damages recoverable in connection with her retaliation claim, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendants at the Hospital as non-managerial hourly maintenance staff, and who consent to file a claim to recover damages for unpaid overtime compensation, other compensatory damages, punitive damages, and liquidated damages that are legally due to them ("FLSA Plaintiffs").

17. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid at the statutorily required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty; and for some them, (6) were retaliated against for complaining about not receiving proper overtime pay.

18. At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, throughout Plaintiff's employment, Plaintiff complained to her managers, Ramon Pena and Marisol Nieves, about Defendants' failure to pay her and her colleagues overtime wages in accordance with the law, yet Defendants continued to violate the FLSA by requiring Plaintiff and her colleagues to work over forty hours in a week without paying them for all of their overtime hours worked in excess of forty at the proper rate, and then retaliated by terminating Plaintiff's and several of her colleagues' employment for her complaints.

19. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA, and for retaliating against those who complained about that unlawful practice.

## RULE 23 CLASS ALLEGATIONS

20. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

21. Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

22. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former employees, who during the applicable NYLL limitations period, performed any work for Defendants at the Hospital as non-managerial hourly maintenance staff ("Rule 23 Plaintiffs").

Numerosity

23. During all times applicable to the NYLL, Defendants have employed, in total, at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

24. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants

required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty or at their regular rate of pay for all hours worked in a week up to forty; (4) whether Defendants pay and paid the Rule 23 Plaintiffs all of their earned wages at least as frequently as on a weekly basis in full and without deduction; (5) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information that NYLL § 195(3) requires; (6) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage notice at hire that contains the information that NYLL § 195(1) requires; (7) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (8) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (9) whether Defendants maintain any defenses, affirmative or otherwise, with respect to the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (11) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

25. As described in the "Background Facts" section below, Defendants employed Plaintiff and the Rule 23 Plaintiffs as non-managerial hourly maintenance staff at the Hospital. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants and Defendants have failed to: pay them at the statutorily required rate of one and one-half times their respective regular rates of pay for all of their hours worked in a week in excess of forty or at their regular rates for all hours worked in a week up to forty; pay them all of their earned wages at least as

frequently as on a weekly basis in full and without deduction; provide them with an accurate wage statement on each payday; and provide them with an accurate wage notice at the time of their hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess of forty and that their regular rates for all hours worked in a week up to forty, to be paid all earned wages at least as frequently as on a weekly basis in full and without deduction, to be furnished with an accurate wage statement on each payday, and to be furnished with an accurate wage notice at the time of hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

26. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. Defendants did not pay Plaintiff at the proper overtime rate for all of her hours worked over forty each week or at her regular rate for all hours worked in a week up to forty, did not pay Plaintiff all of her earned wages at least as frequently as on a weekly basis in full and without deduction, did not furnish Plaintiff with an accurate wage statement on each payday, and did not furnish Plaintiff with an accurate wage notice at her time of hire, which is substantially-similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants and thus has no fear of retribution for her testimony. Plaintiff fully anticipates testifying under oath and providing

discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer(s) that pertain to her. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

27. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

28. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29. Any lawsuit brought by any non-managerial hourly maintenance employee who worked for Defendants at the Hospital for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

30. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

31. Gordon, which provides facility maintenance services to locations throughout New York City and Long Island, including at the Hospital, directly employed Plaintiff. More specifically, Gordon hired Plaintiff to work as cleaner, assigned her to work at the Hospital, set her rate of pay, and paid her salary each week.

32. Mount Sinai, which owns and operates the Hospital, where Plaintiff worked, oversaw Plaintiff's work, set her weekly schedule, assigned specific rooms and locations for her

to clean throughout her shifts, and provided all of the necessary equipment for her to perform her job duties.

33. Crothall, which provides healthcare support services, maintained Plaintiff's timesheets, directed her to work extra hours and shifts, instructed Plaintiff as to her daily duties, and assigned her an area of the Hospital to work in at the start of each shift.

34. Plaintiff worked for Defendants from February 29, 2024, until May 2, 2025, as a cleaner at the Hospital.

35. In that role, Plaintiff was responsible for cleaning assigned areas of the Hospital, including patients' rooms and offices, as well as common areas such as hallways. Well more than twenty-five percent of her job duties required Plaintiff to perform manually laborious tasks such as these.

36. Throughout Plaintiff's employment, Mount Sinai scheduled Plaintiff to work five days per week, Monday to Friday, from 3:00 p.m. to 11:00 p.m., with what was supposed to be one scheduled half-hour break per shift, for a total of thirty-seven and one-half scheduled hours of work per week.

37. However, during nearly every week of Plaintiff's employment, Crothall managers Ramon Pena, Marisol Nieves, and/or Felix Colon instructed Plaintiff that she was required to: (i) work on Saturday and/or Sunday, often starting at 7:00 a.m. and ending as late as 11:00 p.m.; (ii) work past 11:00 p.m. during one or more of her regular shifts; and (iii) that there was too much work for her to take her half-hour lunch break. Thus, in practice, Plaintiff frequently worked fifty to sixty hours per week.

38. In exchange, Defendants paid Plaintiff on an hourly basis at the rate of $18.00 for only up to thirty-seven and one-half hours of work per week.

39. Defendants did not pay Plaintiff at any rate for any hours that she worked in excess of thirty-seven and one-half in a week.

40. By way of example only, for the week of November 10 through November 16, 2024, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

Sunday, November 10, 2024: 7:00 a.m. until 6:30 p.m., with no break;

Monday, November 11, 2024: 3:00 p.m. until 11:30 p.m., with a half-hour break;

Tuesday, November 12, 2024: 3:00 p.m. until 11:00 p.m., with no break;

Wednesday, November 13, 2024: 3:00 p.m. until 11:00 p.m., with no break;

Thursday, November 14, 2024: 3:00 p.m. until 11:00 p.m., with no break;

Friday, November 15, 2024: 3:00 p.m. until 11:00 p.m., with a half-hour break; and

Saturday, November 16, 2024: 3:00 p.m. until 11:00 p.m., with a half-hour break.

Accordingly, Plaintiff worked a total of fifty-eight and one-half hours during this week. In exchange, Defendants paid Plaintiff at her regular hourly rate of $18.00 for the first thirty-seven and one-half hours that she worked, and nothing for the remaining twenty-one hours that she worked.

41. Defendants paid Plaintiff on a weekly basis by direct deposit.

42. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked, her proper overtime rate, and her overtime wages owed. Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation she was entitled to receive and contributed to the underpayment of wages as asserted herein.

43. Additionally, at the time of her hire, Defendants failed to provide Plaintiff with any wage notice, let alone a notice that accurately listed, *inter alia*: Plaintiff's regular and overtime rates of pay and basis thereof; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. Defendants' failure to provide Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation she was entitled to and contributed to the underpayment of wages as asserted herein.

44. On or about April 10, 2025, Plaintiff and approximately ten of her coworkers together complained to Pena about not being paid for all of the hours that they worked each week, including the hours that they worked over forty each workweek.

45. Less than one month later, on Friday, May 2, 2025, at the end of their shift, Pena told Plaintiff and approximately forty of her coworkers that they did not need to return to work on Monday, May 5, 2025, thus terminating their employment.

46. Defendants have treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

47. Defendants have acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

48. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

49. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

53. Defendants willfully violated the FLSA.

54. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

58. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

59. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS

*Failure to Pay Wages on a Timely Basis in Violation of the NYLL*

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 191(1)(a) requires that employers pay their manual worker employees all of their earned wages on at least as frequently as a weekly basis.

64. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are manual worker employees within the meaning of the NYLL.

65. As also described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, all of their earned wages on at least as frequently as a weekly basis, by not paying them at all for many hours of work.

66. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to their earned but still unpaid or short-paid wages, liquidated damages associated with any missed, short, or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all earned wages to manual worker employees on at least as frequently as a weekly basis.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unlawful Deductions in Violation of the NYLL*

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 193 prohibits employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances.

69. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

70. As also described above, Defendants made unlawful deductions from the wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, by not paying them for all hours of work.

71. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to recover from Defendants the amount of each unlawful deduction.

72. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's unlawful deduction provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

73. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

75. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

76. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained the criteria that the NYLL requires.

77. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

78. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

80. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

81. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice at the time of hire, let alone a notice that accurately contained the criteria that the NYLL requires.

82. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Retaliation in Violation of the FLSA*

83. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84. 29 U.S.C. § 215(a)(3) prohibits an employer from discharging or in any other manner discriminating against an employee because such employee has engaged in activity protected under the FLSA.

85. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs were employees within the meaning of the FLSA.

86. As also described above, after Plaintiff and FLSA Plaintiffs engaged in activity protected under the FLSA, Defendants retaliated by terminating their employment.

87. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff and FLSA Plaintiffs have suffered, and continue to suffer, economic harm, for which they are entitled to an award of monetary damages and other relief.

88. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff and FLSA Plaintiffs have suffered, and continue to suffer, depression, humiliation, stress, loss of self-esteem and self-confidence, and other emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

89. Plaintiff and FLSA Plaintiffs are also entitled to punitive damages, liquidated damages, and attorneys' fees for Defendants' violations of the FLSA's anti-retaliation provisions.

## EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS

*Retaliation in Violation of the NYLL*

90. Plaintiff and any FLSA Plaintiff who opts-in to this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

91. Section 215(1) of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint that the employer has engaged in conduct that the employee reasonably and in good faith believes violates any provision under or related to the NYLL.

92. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, were employees within the meaning of the NYLL.

93. As also described above, after Plaintiff and any FLSA Plaintiff who opts-in to this action, engaged in activity protected under the NYLL, Defendants retaliated by terminating their employment.

94. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff and any FLSA Plaintiff who opts-in to this action, have suffered, and continue to suffer, economic harm, for which they are entitled to an award of monetary damages and other relief.

95. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff and any FLSA Plaintiff who opts-in to this action, have suffered, and continue to suffer, depression, humiliation, stress, loss of self-esteem and self-confidence, and other emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

96. Plaintiff and any FLSA Plaintiff who opts-in to this action, are also entitled to punitive damages, liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's anti-retaliation provisions.

97. Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is serving a Notice of Claim on the Office of the New York State Attorney General, thereby advising the aforementioned of her claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiff and her counsel as collective and class action representatives under the FLSA and the FRCP;

g. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

h. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

i. Granting an award of punitive damages commensurate with Defendants' ability to pay in connection with Plaintiff and FLSA Plaintiffs' retaliation claims;

j. Granting an award of damages in an amount to be determined at trial to compensate Plaintiff and FLSA Plaintiffs for all monetary and/or economic damages in connection with their retaliation claims, whether legal or equitable in nature, including back pay, front pay, and any other damages for lost compensation or employee benefits that they would have received but for Defendants' unlawful conduct;

k. Granting an award of damages to be determined at trial to compensate Plaintiff and FLSA Plaintiffs for emotional distress and/or mental anguish in connection with their retaliation claims;

l. Granting an award of damages to be determined at trial to compensate Plaintiff and FLSA Plaintiffs for harm to their professional and personal reputations and loss of career fulfillment in connection with their retaliation claims;

m. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

n. Awarding pre-judgment and post-judgment interest, as provided by law; and

o. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
March 24, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________

SHARAN R. ABRAHAM (SA 1234)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)